## FIRST UNION TRUST & SAVINGS BANK v. UNITED STATES.
### No. 4843.

Circuit Court of Appeals, Seventh Circuit.
April 4, 1933.

Edward N. D'Ancona, A. J. Pflaum, Edward C. Kohlsaat, and Cobert EtsHokin, all of Chicago, Ill., and Harold R. Small and Edward H. Miller, both of St. Louis, Mo., for appellant.

Dwight H. Green, U. S. Atty., and Thomas Dodd Healy, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeal is from a judgment for $902.-55, with interest, awarded the government against appellant. Jury was waived, and the facts appear by stipulation.

One Tobin held United States Liberty bonds aggregating $2,500 registered in his name. He left these bonds for safe-keeping with the Northwestern Bank of Missouri. The cashier of that bank forged Tobin's name to an assignment upon the bonds, and thereupon the bank sold the bonds to the Federal Commerce Trust Company of St. Louis, receiving unto itself and using in its business the proceeds of the sale. The two bonds here in issue, one for $1,000 and one for $500, were sold by Federal Commerce Trust Company to appellant. Appellant thereupon presented the bonds to the government for exchange for coupon bonds, which were then issued to appellant, and the registered bonds were canceled. All this occurred in 1925, neither the Federal Commerce Trust Company, the government nor appellant having notice of the forgery.

In May, 1926, the Northwestern Bank, being insolvent, went into liquidation under the

**54**

banking laws of Missouri. Thereafter the government, learning of the forgery, prosecuted the forger to conviction, and Tobin, first learning of the forgery after insolvency, on October 15, 1926, exhibited his demand against the insolvent estate of the bank as a preferred claim. While the claim was pending, the government issued to Tobin its registered bonds of same face value as those which had been forged, and Tobin gave to the government an assignment of his claim against the estate of the insolvent bank. The government, as assignee, prosecuted the claim to allowance, and received thereon as a preferred claim applicable to these two bonds the sum of $597.45, which was applied as a credit upon the government's claim against appellant, and thereupon the suit against appellant was begun. The assets of the insolvent bank were insufficient to pay in full the preferred claims, and nothing was realized on the general claims.

In the stipulation it was stated:

"That the defense is: That Tobin and plaintiff as his assignee in the Missouri insolvency proceedings made claim to the money paid by Federal Commerce Trust Company to the Northwestern Bank of Missouri, and had this claim for such money sustained as a preference claim and thereby unquestionably ratified the payment in exchange for the bonds.

"That after having ratified such transfer it cannot now recall such ratification in order to secure further moneys from defendant."

The single issue here is as to the effect of the filing, by Tobin, of the claim for a preference in the assets of the insolvent bank, and the acceptance of assignment by the government and its prosecution of the claim.

Appellant contends that the effect was a ratification by Tobin, and by the government, of the sale and transfer of the bonds by the Northwestern Bank, and that, having so ratified the sale, the government was not entitled to proceed against appellant to recover the balance not covered by the realization upon the claim filed against the insolvent bank.

We do not think that such doctrine has place under the indicated circumstances. Apart from any question arising upon the presentation of the claim against the insolvent bank, the government would have been entitled to recover against appellant, since appellant presented to the government for exchange bonds to which, because of the forgery, appellant had no title.

When the loss accrued to the government by exchanging the forged bonds and also paying the registered holder of those bonds, it was the duty of the government to take such steps as it reasonably might to minimize the loss, so that others upon whom liability therefor might ultimately rest would be exonerated to the extent that the government's loss was lessened.

If, upon ascertainment of the forgery, a general claim against the estate of the insolvent bank had been filed, nothing would have been realized to apply on this loss, and in all likelihood the defense to this suit would then have been the failure of Tobin and the government to file the claim as one preferred.

The government chose to prosecute the claim in the manner which might reasonably be expected to be of some avail, as in fact it proved to be. We do not believe that, having chosen to prosecute the claim in the only way that could yield, and did yield, a substantial amount, the government should now be penalized for having by its well-directed exertions exonerated appellant to the extent of what the claim realized—something over one-third of the face of the bonds in question.

We are satisfied that the judgment of the District Court is right, and it is therefore affirmed.